UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


WILLIE DAVID MADERSON,

     Plaintiff,

v.                                         Case No. 3:22cv9113-MCR-HTC

MICHAEL CREPPS,
ESCAMBIA COUNTY JAIL,
THE BOARD OF COUNTY COMMISSIONERS,

     Defendants.
_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983 relating to a slip and fall and excessive force at the Escambia County Jail (the "Jail"). ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). As set forth below, Plaintiff's complaint is subject to dismissal based on Plaintiff's failure to comply with Court orders and his failure to prosecute.

On August 29, 2022, the Court ordered Plaintiff to file an amended complaint within twenty-one (21) days. ECF Doc. 7. Rather than comply, Plaintiff filed an objection to the August 29 Order, arguing he should be allowed to sue the Board

(rather than the County) and that the Board is vicariously liable for the conditions at the Jail.   ECF Doc. 11.   The Court treated the objection as a motion for reconsideration and denied it.   ECF Doc. 13.   Plaintiff also filed a motion for extension of time, ECF Doc. 12, which the Court granted, ECF Doc. 13.  Despite the extension, Plaintiff did not file an amended complaint.  Thus, on November 2, 2022, the Court required Plaintiff to show cause within fourteen (14) days why the case should not be dismissed.  ECF Doc. 14.  Plaintiff was warned, "failure to respond to this Order will result in a recommendation of dismissal."  *Id.*  Nevertheless, Plaintiff did not respond.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion."  *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980). Thus, dismissal is appropriate here because Plaintiff has not filed an amended complaint as ordered.

Indeed, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with

the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.    This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.    The clerk be directed to close the file.

At Pensacola, Florida, this 28th day of November, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**